UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KARY ALBERTIE and
JAMIE TRUDELL, on behalf of
themselves and those similarly situated,

      Plaintiffs,

v.               CASE NO. 3:12-cv-923-J-34JBT

WORDS TO WORKS MINISTRIES, INC.,
a Florida Profit Corporation d/b/a Go
Inflatables, and NICK PHOENIX,
individual,

      Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court *sua sponte*. For the reasons set forth herein, the undersigned respectfully recommends that Plaintiff Kary Albertie's ("Albertie") claims be **DISMISSED without prejudice**.[2]

On February 6, 2014, the Court entered an Order (Doc. 43) granting Albertie's Counsel's Second Motion to Withdraw (Doc. 39). The Court stated that it was

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

[2] Although the undersigned recommends dismissal of only Albertie's claims, Plaintiff Jamie Trudell's claims have already been dismissed with prejudice. (*See* Doc. 45.) Therefore, dismissal of Albertie's claims would effectively be a dismissal of the entire case.

"satisfied that Counsel has exhausted all reasonable options to locate and contact Albertie. Despite its best efforts, however, Counsel has had no contact with Albertie since April 29, 2013." (Doc. 43 at 2.) The Order further provided that "on or before March 10, 2014, Albertie must either have new counsel file a notice of appearance on his behalf, or he must file a notice informing the Court of how he intends to proceed. If no notice is filed, the undersigned will likely recommend that Albertie's case be dismissed without prejudice for failure to prosecute pursuant to Local Rule 3.10(a)."[3] (*Id.* at 3.) To date, no notice or other document has been filed by Albertie, there is no indication that Albertie has been located, and it appears that he has no intention of prosecuting this case further.

Accordingly, it is respectfully **RECOMMENDED** that:

1.   Plaintiff Kary Albertie's claims be **DISMISSED without prejudice** for failure to prosecute pursuant to Local Rule 3.10(a).

2.   The Clerk of Court be directed to terminate any motions and close the file.

---

[3] Albertie was also warned that "[e]ven a dismissal without prejudice may likely be in effect with prejudice if a statute of limitations bars Plaintiff from refiling the case." (Doc. 43 at 3.) *See also Powell v. Siegal*, 447 Fed. App'x 92, 93 (11th Cir. 2011) (per curiam).

**DONE AND ENTERED** at Jacksonville, Florida, on March 17, 2014.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record

Kary Albertie by U.S. Mail to the following addresses:

- 7611 Briarwood Avenue, Yulee, Florida 32097; and

- P.O. Box 133, Yulee, Florida 32041

By Email (through co-plaintiff Jamie Trudell) to the following address:

- Jamie_trudell@yahoo.com